IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY VLAIKU, SR., | ) | CASE NO. 5:07 CV 2780 |
| | ) | |
| Plaintiff, | ) | JUDGE LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **REPORT AND RECOMMENDATION** |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Timothy Vlaiku filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) on September 18, 2008. (Doc. 16). On September 25, 2008, the Commissioner of Social Security ("Commissioner") filed a response to Plaintiff's motion, arguing that Plaintiff is not entitled to attorney's fees because the government's position was substantially justified. (Doc. 17, at 2-4). In the alternative, the Commissioner requests that the Court reduce the amount of any fees awarded because Plaintiff improperly indexed the hourly rate for services performed in 2007 and January 2008 based on the Consumer Price Index for July 2008. *Id.*, at 5-7. For the foregoing reasons, the Court recommends that Plaintiff's motion for attorneys' fees be GRANTED in part and DENIED in part, and that the Court award Plaintiff attorneys' fees in the amount of $4347.69, which represents 25.75 hours of total attorney time; 0.25 hours at the rate of $166.92 per hour; 1.5 hours at the rate of $167.38 per hour; 14.5 hours at the rate of $168.62 per hour; and 9.5 hours at the rate of $169.46 per hour.  The Magistrate Judge further recommends that

the Court award Plaintiff costs in the amount of $350.00.[1]

On August 19, 2008, the Court adopted the Magistrate Judge's Report and Recommendation and remanded this case to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 14, 15). The Court found that remand was necessary in this case because the ALJ improperly rejected the opinion of Plaintiff's treating physician, Dr. Thompson. (Doc. 13, at 17-21; doc. 14). Specifically, the Court determined that the ALJ erred by failing to indicate what weight, if any, he afforded to Dr. Thomson's opinion and by failing to articulate good reasons for implicitly rejecting Dr. Thompson's opinion, particularly in light of the heightened requirements for rejecting a treating source's opinion in fibromyalgia cases. *See id.* The case was remanded, and Plaintiff filed a motion seeking attorneys' fees under the EAJA for the work his attorneys completed in challenging the Commissioner's denial of benefits. (Doc. 16).

## I. The Legal Framework

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (quoting *Scarborough v. Principi*, 541 U.S. 401, 404 (2004)); *see also* 28 U.S.C. §2412(d)(1)(A). To award attorney's fees under the EAJA, a court must find that: (1) the plaintiff filed a timely application for fees; (2) the plaintiff is a prevailing party; and (3) the government's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). It is the plaintiff's burden to prove the first two

---

[1] The Commissioner does not oppose Plaintiff's request for costs in the amount of $350.00. (Doc. 17, at 7).

of these requirements, and it is the Commissioner's burden to prove the third - i.e., that the government's position was "substantially justified." It is undisputed that Plaintiff's application in this case was timely and that Plaintiff is a prevailing party. However, the Commissioner argues that the government's position during the litigation was substantially justified and that, consequently, Plaintiff is not entitled to attorney's fees. In the alternative, the Commissioner requests that the Court reduce any fees awarded because Plaintiff improperly indexed the hourly rate for services performed in 2007 and January 2008 based on the Consumer Price Index for July 2008. The Magistrate Judge addresses each of the Commissioner's arguments separately.

## II.  Whether the Commissioner's Position Was Substantially Justified

The government's position is substantially justified if it is "'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." *Howard*, 376 F.3d at 554 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541 (1988)). In other words, "a position is substantially justified when it has a 'reasonable basis both in law and fact.'" *Id.* The substantially justified standard is not identical to the substantial evidence standard used in Social Security cases. The mere fact that a court has ruled against the Commissioner and concluded that the government's position was not supported by substantial evidence does not create a presumption that the Commissioner's position was not substantially justified. *Id.* (citing *Scarborough v. Principi*, 541 U.S. 401, 415 (2004)). "Conceivably, the Commissioner could take a position that is substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." *Underwood*, 487 U.S. at 569.

As noted above, the Court in this case determined that the ALJ erred by failing to follow the required framework for evaluating a treating source's opinion - specifically, that the ALJ failed

indicate what weight he gave to Dr. Thompson's opinion and to articulate good reasons for implicitly rejecting Dr. Thompson's opinion. The Court emphasized that the ALJ's failure to comply with the required regulations was "particularly inappropriate" since this is a fibromyalgia case. *See* doc. 13, at 19; doc. 14. In arguing that the government's decision to defend the ALJ's determination was substantially justified, the Commissioner makes much of the lack of objective medical evidence supporting Dr. Thompson's opinion and the alleged inconsistency of his opinion with other medical evidence in the record. *See* doc. 17, at 2-4. However, the Sixth Circuit has repeatedly held - most recently in *Rogers v. Commr. of Social Security*, 486 F.3d 234 (2007) - that an ALJ may not reject treating physician's opinion in a fibromyalgia case where the sole basis for the rejection is a lack of objective medical evidence supporting the opinion. *See also Preston v. Sec. of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1988); *Swain v. Commissioner*, 297 F.Supp.2d 986, 990 (N.D. Ohio 2003). Yet, lack of support in the medical record is the only reason the ALJ gave in this case for discounting Dr. Thompson's opinion (doc. 13, at 19; doc. 14), and it appears to be the main basis upon which the Commissioner now contends that its decision to defend the ALJ's denial of benefits was substantially justified (*see* doc. 17, at 3-4). Under *Rogers* and prior Sixth Circuit precedent, such a position does not have a reasonable basis in the law. In light of the heightened requirements in fibromyalgia cases, and the ALJ's failure in any case to comply with the Administration's established regulatory framework, the Magistrate Judge finds that the government's decision to defend the ALJ's denial of benefits was not substantially justified.

The Commissioner also seems to argue that because the Court agreed with the government's position with regard to two out of the three ALJ findings Plaintiff challenged in this case, "the ALJ's decision was justified to a degree that [] would satisfy a reasonable person," and therefore "the

Government's position was substantially justified." *See* doc. 17, at 3-4.  The Magistrate Judge does not find this argument persuasive.  Just as a court's finding that the ALJ did not err with regard to two issues will not save a case from remand if the court finds that the ALJ *did* err with regard to a third issue, a substantially justified position on two out of three grounds should not make the government's position substantially justified as to the third or, by extension, as to the whole of the case.  Moreover, the Commissioner cites no authority to support any such proposition.  As noted above, the Magistrate Judge finds that the government's decision to defend the ALJ's determination was not substantially justified and is not persuaded otherwise to the extent the Commissioner proposes a "two out of three" basis for the government's position.

### III.  Whether the Court Should Reduce the Award of Attorney's Fees

EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  The Sixth Circuit has made it clear that adjustments for increases in the Consumer Price Index ("CPI") are within the discretion of the district court.  *Begley v. Sec. of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992) (citing *Chipman v. Sec. of Health & Human Servs.*, 781 F.2d 545, 546-47 (6th Cir. 1986).  However, "[i]f a cost of living adjustment is applied, it must be calculated with regard to *when the services were performed*, not on the basis of when the award is made" or when the plaintiff becomes a prevailing party.  *Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994) (emphasis added); *see also Sorenson v. Mink*, 239 F.3d 1140 (9th Cir. 2001); *Kerin v. United States Postal Serv.*, 218 F.3d 185, 194 (2d Cir. 2000); *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 712 (D.C. Cir. 1997); *Perales v. Casillas*, 950 F.2d 1066, 1047-77 (5th Cir. 1992).  "Thus, fees incurred in a particular year must be indexed using the cost of living

multiplier applicable to that year, and so on for each year in which fees incurred." *Marcus*, 17 F.3d at 1040. Using the multiplier applicable to the year in which a plaintiff became a prevailing party or the year of the award to calculate the adjustment is tantamount to awarding prejudgment interest against the government in contravention of the rule set forth in *Library of Congress v. Shaw*, 478 U.S. 310, 320-21 (1986). *See Marcus*, 17 F.3d at 1040.

Where services were performed in a year for which the annual multiplier reflecting the cost of living is not yet available, some courts have held that it is appropriate to use the average of the monthly multipliers for the months in which those services were performed. *See Rechel v. Commr. of Social Sec.*, 2008 WL 3876718 at *4 (S.D. Ohio 2008) ("In the event that an annualized multiplier is not available for the latest year in which services were performed, the [c]ourt should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year."); *see also Knudsen v. Barnhart*, 360 F.Supp.2d 963, 974-75 (N.D. Iowa 2004). At least one other court in such a case has adjusted all fees on a monthly basis by using the monthly multiplier for each month in which legal work was performed to adjust the hourly rate for that month. *See Chargois v. Barnhart*, 454 F.Supp.2d 631, 636 (E.D. Tex. 2006).

The Commissioner does not argue that the Court should not adjust Plaintiff's attorneys' fees to reflect cost of living increases; rather, the Commissioner argues that Plaintiff arrived at the amount requested using an incorrect method. *See* doc. 17, at 5-7. Specifically, the Commissioner claims that Plaintiff improperly calculated his attorneys' fees using the multiplier applicable to the month of July 2008, the month just before Plaintiff became a prevailing party. *See id.*, at 6. According to the Commissioner, Plaintiff should have used the 2007 annual multiplier for the 16.25 hours of work his attorneys performed in 2007 and the January 2008 monthly multiplier for the 9.5

hours of work his attorneys performed in that month.  See *id.*, at 6-7.

Although the Magistrate Judge agrees that Plaintiff should not have used a July 2008 multiplier to adjust his attorneys' fees since Plaintiff's attorneys performed no legal services for him during that month, the Magistrate Judge declines to use the Commissioner's suggested method.  In many cases, courts index cost of living increases based on the applicable annual multiplier because it is easier and more convenient than indexing the increases based on each month in which services were performed.  *See e.g., Rechel,* 2008 WL 3876718 at *4 ("*Because of the computational difficulties inherent in using monthly multipliers* for each of the months in which services were performed, the [c]ourt should use the cost of living multiplier applicable to the particular year in which fees were incurred.") (Emphasis added).  However, nothing within the EAJA or its legislative history prohibits or discourages a court from using the applicable monthly multipliers instead of the annual multipliers or a combination thereof, and as noted above, at least one court has thought it appropriate to use only monthly multipliers.  See *Chargois*, 454 F.Supp.2d at 636.  Given that Plaintiff's attorneys performed legal services during a total of only four months in this case, the Magistrate Judge does not find it unduly burdensome to use the monthly multipliers for each month in which the attorneys worked, instead of the combination of annual and monthly multipliers the Commissioner suggests.  The Magistrate Judge notes that this approach is somewhat more even-handed and more mathematically precise than the Commissioner's in that it uses the same type of multiplier throughout the calculation process, rather than a combination of different multipliers (i.e., annual combined with monthly or annual combined with an average of monthly).  *See id.* (noting many reasons to use monthly multipliers, including fairness, mathematical precision, and the lack of authority rejecting monthly increases).

Plaintiff argues in his Reply that the court should not reduce his award because the amount of his requested fees is less than what it would have been had Plaintiff used the "more generous" CPI for Services for the Midwest Urban Area. *See* doc. 18, at 3. Plaintiff claims that courts in this jurisdiction use this index to calculate attorneys' fees because it more accurately reflects the value of legal services than the more general CPI for All Urban Consumers. *See id.* Therefore, argues Plaintiff, the government will not be prejudiced by awarding Plaintiff the amount of attorneys' fees he requested under the "less generous" CPI for All Urban Consumers. *See id.* Plaintiff *does not argue* that the court should use the CPI for Services for the Midwest Urban Area to adjust his attorneys' fees in this case; Plaintiff merely points to this index in an attempt to demonstrate that the amount he calculated using the July 2008 multiplier listed in the CPI for All Urban Consumers is fair.[2]

However, the Magistrate Judge declines Plaintiff's invitation to use an incorrect method for calculating Plaintiff's attorneys' fees just because doing so may not prejudice the government. In so determining, the Magistrate Judge does not say that Plaintiff could not have used the CPI for Services for the Midwest Urban Area to calculate his attorneys' fees; the Magistrate Judge finds only

---

[2]Although Plaintiff clearly references the CPI for All Urban Consumers in his application for attorneys' fees (doc. 16, Plaintiff's Attachment 1, at 3; Plaintiff's Attachment 5, at 3), the Magistrate Judge notes that the multipliers Plaintiff uses to calculate cost of living adjustments do not appear in the CPI for All Urban Consumers. Nor do the multipliers Plaintiff uses appear in the CPI for All Urban Consumers in the Midwest Urban Area, where this litigation occurred, or in the CPI for All Urban Consumers in the New York Region, where Plaintiff's attorneys' law firm is located. The Commissioner uses the correct multipliers for the CPI for All Urban Consumers in the government's objections to Plaintiff's application for attorneys' fees, and Plaintiff does not specifically indicate why those numbers are wrong in his Reply. Accordingly, the Magistrate Judge finds it appropriate to use the multipliers contained in the general CPI for All Urban Consumers.

The CPI for All Urban Consumers can be found at: http://data.bls.gov/cgi-bin/surveymost?cu.

that the Court should not calculate Plaintiff's fees based on the July 2008 multiplier simply because it produces a lesser amount than another method Plaintiff *might* have used. Plaintiff calculated his adjusted attorneys' fees using a CPI for All Urban Consumers and requests that the Court adjust his fees with respect to that index. See doc. 16, Plaintiff's Attachment 1, at 3; Plaintiff's Attachment 5, at 3. Therefore, the Magistrate Judge finds that using the CPI for All Urban Consumers most closely corresponds with the type of relief Plaintiff has requested in this case.

Having concluded that using the monthly multipliers listed in the CPI for All Urban Consumers to adjust Plaintiff's attorneys' fees for cost of living increases is most appropriate in this case, the Magistrate Judge now calculates Plaintiff's fees accordingly. As noted above, the EAJA allows a court to award attorneys' fees at a rate of up to $125 per hour of legal services performed but may adjust the rate for cost of living increases. 28 U.S.C. § 2412(d)(2)(A)(ii). The adjusted hourly rate is calculated by taking the ratio of the applicable multiplier (i.e., the CPI multiplier applicable to the month or year in which services were performed) over 155.7 (the CPI for All Urban Consumers multiplier in place for March 1996 when EAJA was enacted) and multiplying this ratio by $125, or:

$$\frac{\text{Applicable Multiplier}}{155.7} \times \$125 = \text{Adjusted Hourly Rate}$$

The itemized statement included in Plaintiff's application for attorneys' fees reflects that Plaintiff's attorneys worked 0.25 hours in August 2007; 1.5 hours in September 2007; 14.5 hours in December 2007; and 9.5 hours in January 2008. (Doc. 16, Plaintiff's Attachment 4). The multiplier in place for August 2007 according the CPI for All Urban Consumers was 207.917. Therefore, the adjusted hourly rate for August 2007 was $166.92, and based on this rate, Plaintiff

incurred $41.73 in legal fees this month.  The multiplier in place for September 2007 was 208.490.  Therefore, the adjusted hourly rate for September 2007 was $167.38, and based on this rate, Plaintiff incurred $251.07 in legal fees this month.  The multiplier in place for December 2008 was 210.036.  Therefore, the adjusted hourly rate for December 2008 was $168.62, and based on this rate, Plaintiff incurred $2445.02 in legal fees this month.  The multiplier in place for January 2008 was 211.08.  Therefore, the adjusted hourly rate for January 2008 was $169.46, and based on this rate, Plaintiff incurred $1609.87 in legal fees this month.  Together Plaintiff's adjusted attorneys' fees total $4347.69.

Consequently, the Magistrate Judge recommends that Plaintiff's Motion for Attorney's Fees be GRANTED in part and DENIED in part, and that Plaintiff be awarded attorneys' fees in the amount of $4347.69 and costs in the amount of $350.00, to be sent directly to his counsel at the law firm, Binder and Binder, P.C.

s/ Kenneth S. McHargh  
Kenneth S. McHargh  
United States Magistrate Judge

Date: December 8, 2008

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See* Thomas v. Arn, 474 U.S. 140 (1985); *see also* United States v. Walters, 638 F.2d 947 (6th Cir. 1981).